**LUNGARD et, Plaintiffs-Appellees, v. BERTRAM et, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7065.   Decided March 21, 1949.

Philip J. Kennedy, Cincinnati, for plaintiffs-appellees.
Robert O. Smith, for defendants-appellants.

## OPINION

By MATTHEWS, J.:

In the petition, the appellees alleged that "an account was stated between the plaintiffs and the defendants and the sum of One Thousand, Four Hundred, Seventy and Twenty-six Hundredths ($1470.26) Dollars was found to be due to the plaintiffs from the defendants as of June 23rd, 1947." The prayer was for judgment for that sum plus interest.

There were two defendants and they filed separate answers, denying the above-quoted allegations of the petition. An amended answer was filed later by the defendant, Harvey P. Bertram Company, Inc. to which was attached certain inter-

rogatories directed to the plaintiffs. Thereafter, on motion of the plaintiffs, the defendant, Harvey P. Bertram Company, Inc. was dismissed as a party defendant. Thereupon, the other defendant, Harvey P. Bertram, filed a motion to dismiss the action on the ground that as one defendant had been dismissed, the action itself should be dismissed. The Court overruled this motion.

On December 1st, 1949, the action came on for trial upon the pleadings "and the evidence, the intervention of a jury being waived, was submitted to the court" and on the issues joined the Court found in favor of the plaintiffs against Harvey P. Bertram for $1536.41. Two days thereafter, the court entered judgment on that finding. Notice of appeal was filed by Harvey P. Bertram from that judgment.

Notwithstanding the recital in the journal entry that evidence was heard, no bill of exceptions was filed to bring such evidence upon the record. This Court, therefore, must assume that the evidence referred to in the journal was in all respects sufficient to sustain all the essential allegations of the petition.

The claim of the appellant is that the allegations of the petition heretofore quoted shows a joint liability and that the voluntary dismissal of one defendant rendered the petition fatally defective against the remaining defendant.

It is our opinion that the appellant's claims are unfounded. In the first place, there is no express allegation in the petition that the promise sued upon is joint. The dismissal of Harvey P. Bertram Company, Inc., from the action would seem to require that the allegations of the petition be construed as applicable to the sole remaining defendant. It is not alleged that the account stated was made with certain specifically named persons. The allegation is that it was made with "defendants." The dismissal of one defendant would seem to require that the language be construed to charge that the account stated was made with the sole remaining defendant. By §10213 GC, it is provided that in the interpretation of the various procedural enactments of "Part Third: Remedial" of the General Code "Words in the plural include the singular, and in the singular include the plural number." It would seem that pleadings prepared to invoke the remedies provided for in that part of the General Code should have an equally liberal interpretation.

Assuming, however, that the petition avers an account stated with the two original defendants jointly, the only effect of the dismissal of one would be to produce a defect of parties.

A motion to dismiss is not the method provided for taking advantage of such defect. The Code provides that if such defect appears upon the face of the petition it is ground for demurrer. (Sec. 11309 GC.) If it does not appear upon the face of the petition, the defect should be raised by answer. (Sec. 11311 GC). And if the defect is not objected to in either way, it is waived. (Id.)

We are fully conscious that the name given to a pleading or motion is not controlling. It is the substance and not the caption that determines the operative effect of a filing under the Code. A motion, so called, may be treated as a demurrer. The impossibility of applying that rule here is that the defendant sought by his motion to accomplish a result not attainable by a demurrer. The sustaining of a demurrer on the ground that there is a defect of parties (or for that matter on any other ground) does not produce a dismissal of the action. It is no more than a finding by the court that the petition is legally insufficient as it stands. The case remains pending and the plaintiff may amend his petition so as to cure the defect. Secs. 11360 GC, et seq. The only limitation on the right to amend is that the cause of action shall not be changed. The cause of action stated in this petition is the failure to perform the obligation created by the account stated. Omitting or dismissing one alleged obligor does not change the cause of action against the remaining obligor for his failure to perform the obligation alleged against him. 31 O. Jur., 944, Section 339; McLaughlin v. Barnes, 18 C. C. 623; and Goldberg v. Jordan, 130 Oh St, 1.

Our conclusion is that the Court did not err in overruling the motion to dismiss. As there is no bill of exceptions, the sufficiency of the evidence introduced at the trial to support the judgment is not·presented.

For these reasons, the judgment is affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.