{¶ 4} I must respectfully dissent from the majority's disposition of this appeal because I disagree with their conclusion that the appeal should be dismissed for lack of a final appealable order.
 {¶ 5} As the majority properly finds, the trial court failed to issue findings of fact and conclusions of law in denying Spencer's petition for postconviction relief ("PCR"), rendering that decision not final and appealable. However, Spencer is not appealing the denial of his PCR, and I do not agree with the majority's characterization of Spencer's motion as a motion for relief from judgment under Civ.R. 60(B).
 {¶ 6} Although the caption of the pro se motion states that it is a "motion to correct/modify journal entry * * * pursuant to Crim.R. 36 and Civil Rule 60(B)(5)," a review of the substance of the motion reveals that it is not a motion to vacate the trial court's order denying the PCR. The contents of the motion indicate that Spencer was merely requesting that the trial court correct the journal entry to reflect that notice of the denial of his PCR had not been sent to Spencer on the date indicated in the journal entry. Therefore, Spencer, regardless of what the caption states, was not seeking to vacate the judgment, but simply to correct the entry. It is the substance of a motion, not the caption, which determines the nature of the motion. Lungard v. Bertram (1949),86 Ohio App. 392, 395; In the Matter of the Adoption of Goldberg (Sept. 17, 2001), Warren App. No. CA2001-04-026, CA2001-05-047.
 {¶ 7} Therefore, instead of dismissing Spencer's appeal, I would affirm the trial court's denial of the motion to correct the journal entry.