[Cite as *D.D. v. Hayes*, 2011-Ohio-4963.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96825**

---

## D. D.

RELATOR

vs.

## THE HONORABLE JERRY L. HAYES, ET AL.

RESPONDENTS

---

**JUDGMENT:
WRIT DENIED**

---

Writ of Prohibition
Motion Nos. 444762 and 445573
Order No. 447997

**RELEASE DATE:** September 26, 2011

**ATTORNEYS FOR RELATOR**

Steven E. Wolkin, Esq.
820 W. Superior Avenue, Suite 510
Cleveland, Ohio 44113-1384

John V. Heutsche, Esq.
700 West St. Clair Avenue
Hoyt Block Building, Suite 220
Cleveland, Ohio 44113-1274


**ATTORNEYS FOR RESPONDENTS**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By:    Charles E. Hannan, Jr., Esq.
            Matthew E. Meyer, Esq.
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**GUARDIAN AD LITEM**

James H. Schulz, Jr., Esq.
1370 Ontario Street, Suite 1520
Cleveland, Ohio 44113

**FOR CHRISTOPHER NOBLE**

Paulette J. Lilly, Esq.
159 Glenview Drive
Avon Lake, Ohio 44012

JAMES J. SWEENEY, P.J.:

{¶ 1} This case is another move in what appears to be a contentious struggle between a mother and a father over the care and custody of their son.[1]

{¶ 2} On May 24, 2011, the mother commenced this prohibition action against the respondents, Judge Jerry L. Hayes and the Court of Common Pleas, Juvenile Court Division, to prevent them from exercising any jurisdiction to hear and determine motions relating to custody and visitation of the son in the underlying case, Juvenile Court Case No. 08738998. The mother also filed an application for an alternative writ seeking the same relief. She argues that the failure of the parties to file an R.C. 3127.23 affidavit concerning the son's residences and other court proceedings concerning him upon the reopening of the case deprives the respondents of jurisdiction. On June 23, 2011, the judicial respondents moved for summary judgment.[2] The mother never responded to that motion. For the following reasons, this court grants the respondents' motion for summary judgment and denies the mother's application for writ of prohibition and her application for an alternative writ.

{¶ 3} The son was born on November 30, 2007. The mother commenced the underlying case as a paternity action on October 7, 2008. She attached to the complaint

[1] Pursuant to this court's policy not to disclose in its opinions the identity of any child or party in a juvenile case, this court will refer to persons as "the mother," "the father," and "the son."

[2] On the same day, this court permitted the father to intervene as a respondent.

a Uniform Child Custody Jurisdiction and Enforcement Act affidavit as required by R.C. 3127.23.[3]

{¶ 4} That statute requires each party to a child custody proceeding to submit in the party's first pleading an affidavit that states the child's present address, the child's residence for the last five years, the names and present addresses of persons who lived with the child during that time, and information pertaining to any custody proceedings concerning the child in any state. That statute also imposes a continuing duty to advise the trial court of any custody, visitation, child support, or guardianship proceedings concerning the child in any state. The purpose of the legislation is to avoid jurisdictional competition and conflict with courts of other jurisdictions and to facilitate the resolution of custody matters so that the child will not be caught in a judicial "tug of war" between different jurisdictions.

{¶ 5} The mother's affidavit stated that the son had lived with her at the same Ohio address since his birth. Additionally, she had not participated in any capacity in any other litigation, in Ohio or any other state, concerning custody or visitation of the son. She also had no information of any proceedings that could affect the current proceedings.

{¶ 6} On February 24, 2010, the mother and the father entered into a shared parenting agreement which was modified in May and November 2010. On April 5, 2011, the mother filed multiple motions, including a motion for a forensic sex abuse

---

[3] This statute was formerly R.C. 3109.27.

evaluation, a motion for the father's parenting time to be supervised, a motion for appointment of a guardian ad litem, a motion to compel discovery, a motion for attorney's fees, and a motion to stay judgment and proceedings in aid of execution. At that time, the mother did not file another R.C. 3127.23 affidavit, nor did the father. The trial court held hearings on this matter on April 29 and 30, 2011. On May 16, 2011, the respondent judge ordered that the son be placed temporarily in the home of a non-party couple to aid the forensic evaluation. On May 24, 2011, the mother commenced this prohibition action to prevent the judge from enforcing his order or further litigating this matter. On May 27, 2011, the father filed an R.C. 3127.23 affidavit in which he stated that the son has always lived at the same Ohio address, that there was not, at the commencement of the underlying case or now, any pending parenting proceedings concerning the son, and that the only proceedings concerning the son are the underlying case and a Summit County domestic relations case which that court dismissed for lack of jurisdiction.

{¶ 7} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the

purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke County* (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 28 N.E.2d 273, and *Reiss v. Columbus Mun. Court* (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush* (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245, and *State ex rel. Csank v. Jaffe* (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365, and *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott* (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.

{¶ 8} The mother argues that the filing of the R.C. 3127.23 affidavit is jurisdictional. The failure to file the affidavit at the time of the resumption of the case in 2011 is a jurisdictional defect which deprives the trial court of the ability to proceed in the

case. Indeed, in *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 406 N.E.2d 1121, first paragraph of the syllabus, the Supreme Court of Ohio ruled: "The requirement in R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action." In *Pasqualone*, the Supreme Court of Ohio on appeal overturned an Ohio court's award of custody to the father because the father never filed the required affidavit in his divorce and custody action.

{¶ 9} However, the mother's argument is not persuasive. The respondents' basic statutory jurisdiction and the mother's initial filing of the R.C. 3127.23 affidavit vests the respondents with at least sufficient jurisdiction to determine their own jurisdiction. R.C. 2151.23(A)(2) grants the juvenile court exclusive original jurisdiction to determine custody of any child not a ward of another court of this state. R.C. Chapter 3111 also vests the juvenile court with original jurisdiction to determine paternity actions. When the mother commenced her paternity action in 2008 with the required affidavit, the respondents had jurisdiction to hear the matter. Moreover, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, R.C. 3127.16, the court has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent does not presently reside in this state. Therefore, the respondents had jurisdiction over the case

even after the parents reached their agreement over custody. The respondents did not patently and unambiguously lack jurisdiction over the matter.

{¶ 10} Moreover, the Supreme Court of Ohio in *In Re Palmer* (1984), 12 Ohio St.3d 194, 465 N.E.2d 1312, limited *Pasqualone*. It warned against a mechanistic interpretation of the statute because such an approach would allow parties to obstruct custody proceedings by wilfully failing to file the affidavit and thus hinder the trial court in fulfilling its primary purpose, determining the best interest of the child. In *Palmer,* the Supreme Court of Ohio ruled that the parties had conferred jurisdiction upon the trial court through estoppel by stipulating to the facts necessary to vest jurisdiction. In other words, the trial court had sufficient jurisdiction to determine its own jurisdiction.

{¶ 11} Following *Palmer*, Ohio courts have "declined to strictly apply the jurisdictional requirements" of the statute. Rather, the courts have exercised their authority in child custody matters when the statute's requirements are substantially satisfied and no prejudice results. This includes accepting late filings of an affidavit. Moreover, the parties have then litigated the jurisdictional issues through appeal, rather than through a writ of prohibition. *Mendiola v. Mendiola*, Portage App. No. 2006-P-0038, 2007-Ohio-466, ¶57; *Adkins v. Adkins* (May 15, 1991), Pickaway App. No. 89 CA 26; *Smith v. Boyd*, Seneca App. No. 13-05-49, 2006-Ohio-6931; *In Rel Halstead*, Columbiana App. No. 04 CO 37, 2005-Ohio-403; and *Dole v. Dole*, Holmes App. No. 10CA013, 2011-Ohio-1314.

{¶ 12} Accordingly, this court grants the respondents' motion for summary judgment and denies the petitioner's application for an alternative writ and the application for a writ of prohibition. Petitioner to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
COLLEEN CONWAY COONEY, J., CONCUR