[Cite as *State ex rel. Browning v. Browning*, 2012-Ohio-2158.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO, EX REL. LORI | : | Hon. W. Scott Gwin, P.J. |
| ANN BROWNING NKA BURNS | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. CT2011-CA-55 |
| | : | CT2011-CA-60 |
| TERRY DEAN BROWNING | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Domestic
Relations Division, Case No. JV00036341

JUDGMENT:

DATE OF JUDGMENT ENTRY:     May 14, 2012

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

GREGORY A. STARCHER            ELIZABETH N. GABA
MCJ&FS                                     1231 East Broad Street
1830 East Pike                          Columbus, OH  43205
Zanesville, OH 43702


LORI ANN (BROWNING) BURNS
200 Willis Drive, Lot 109
Zanesville, OH  43701

*Gwin, P.J.*

{¶1} Defendant-appellant Terry Dean Browning ("Father") appeals in Fifth District Case No. CT-2011-55, the September 21, 2011 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division denying his motion to dismiss and vacate[1]. Father appeals in Fifth District Case No. CT2011-0060, the October 27, 2011 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division overruling his objections to the magistrate's decision.[2] Plaintiff-appellee in both cases is the Muskingum County Job and Family Services, Child Support Division ("MCCSEA"). This Court has consolidated these cases for appeal by Judgment Entry filed January 3, 2012.

### Facts and Procedural History

{¶2} On February 1, 1982 Lori A. Browning (nka Burns) ("Mother") and Father were married in Zanesville, Ohio. The couple had two children, Joshua Browning b. May 5, 1982 and Jason Browning, b. January 31, 1991. On or about September 1, 1995, Father and Mother ceased living with one another. No divorce or separation proceedings were initiated at that time.

{¶3} These cases originated in the Muskingum County Juvenile Court on July 15, 1996 as an application requesting Father pay child support and obtain health care insurance for the parties' two minor children. The case caption is styled as Case No. 36341.

---

[1] Father's motion was filed June 29, 2011
[2] Father's objections were filed August 18, 2011.

**{¶4}** Service of the application and notice of hearing were perfected by certified mail upon both Mother and Father.[3]

**{¶5}** By Judgment Entry filed September 24, 1996, the trial court found,

The Court has jurisdiction over this action and the parties to this action, including jurisdiction to determine custody of the minor children of the parties under Section 2151.23 and Chapter 3109.36 of the Revised Code.

* * *

The parties are agreed that custody shall remain with the Plaintiff.

* * *

Pursuant to O.R.C. Section 2151.23(A) (2), Plaintiff is granted custody of the minor children. Pursuant to O.R.C. Section 2151.23(F)(1), custody shall mean that this Order is a Parenting Decree as defined in O.R.C Section 3109.21(D), and that Plaintiff is designated as the residential parent and legal custodian of the children. Defendant is designated as the noncustodial or nonresidential parent.

* * *

Plaintiff shall maintain hospitalization and medical insurance coverage for the minor children through her employer. All medical and health care needs of the Children not paid by any insurance shall be paid by the parties as follows:

---

[3] A transcript of the hearing held on August 28, 1996 is not available from the Juvenile Court as the tape used to record the hearing has been erased or reused. Both parties attended that hearing.

Plaintiff shall pay first $100.00 per child per year in expenses not paid by insurance, including any deductible. Any additional expenses not paid by insurance shall be divided between the parties with Defendant paying 50% and Plaintiff paying the remaining 50%.

* * *

{¶6}    Neither party appealed the adoption of those findings by the trial court.

{¶7}    The parties ultimately commenced a civil action by a Complaint for Divorce in the Domestic Relations Division of the Court of Common Pleas of Muskingum County, Ohio filed on May 23, 1997.

{¶8}    In connection with the divorce action, the parties filed a Separation Agreement on November 24, 1997. That Separation Agreement states in part:

This Agreement is made and entered into between Terry D. Browning, hereinafter referred to as Husband, and Lori A. Browning, hereinafter referred to as Wife, both of whom represent that:

There are two children born as issue of said marriage, to wit: Joshua born May 25, 1982 and Jason born January 31, 1991. The care, custody and control of the minor children are with the Muskingum County Juvenile Court in Case Number: 36341.

{¶9}    A Judgment Entry Decree of Divorce was filed on December 8, 1997. Paragraph two of the Decree states, "That the parties were married on 1st day of February, 1982 at Zanesville, Ohio and that there are two children born as issue of said marriage, to wit: Joshua born May 25, 1982 and Jason born January 31, 1991. The

care, custody and control of the minor children are with the Muskingum County Juvenile Court in Case Number: 36341...."

{¶10} MCCSEA filed their first Motion for Contempt on June 24, 1997. The Motion moved the Court for an Order requiring Father to appear and show cause why he should not be held in contempt of Court for failing to pay child support as previously ordered by the Court. On September 26, 1997, Father, without counsel, admitted to being guilty of contempt of Court for failing to pay his child support as ordered. This contempt was further resolved on January 26, 1998. Father was represented by counsel at that time.

{¶11} Other contempt actions were filed in October 1998, December 1999, and January 2007. Father admitted contempt each time and was approximately $9,500.00 behind in his child support in the 1998 action, $14,800.00 behind in his 1999 action, and $16,000.00 behind in his 2007 action. Each Order to Appear and Show Cause directed Father to contact his caseworker before the hearing to try to resolve any discrepancies.

{¶12} On October 30, 2000, the current child support order for the parties' oldest child, Joshua, was terminated, subject to any remaining arrears.

{¶13} In 2003, in Muskingum County Court of Common Pleas Case No. CR2003-0040, Father was charged with two counts of criminal nonsupport. Counsel different from the previous counselors who had represented him in his divorce action and the contempt actions represented Father. By entry filed August 18, 2003, Father waived the reading of the indictment, the time and manner of service, and any deficiencies therein. Father withdrew his former plea of not guilty and pled guilty to both counts in the indictment. That plea was accepted by the Court. The counts were merged

and Father was sentenced to three years community control. Father was also ordered to make restitution for his unpaid and overdue child support arrears for approximately $20,000.00 through July 31, 2003. Father was ordered to pay $250.00 per month toward this obligation.

{¶14} In January 2006, Mother requested a modification of the child support order. This matter went to the Court upon objections to the MCCSEA's recommendation. Both parties attended that hearing. A hearing was held and an order was issued. Neither party objected to, or appealed, that order.

{¶15} In order to avoid being incarcerated, Father made an $840.00 payment to bring him into compliance with the 2007 court order. Another request was made to impose the suspended sentence. Father paid $6,000.00 to avoid the jail sentence. By separate entry filed April 3, 2009, Father was placed in the "pay or appear" program of the Court. That program required Father to pay not less than $615.90 per month or appear each month to explain his non-compliance. Father's participation in that program ran from April 2009 through September 2009.

{¶16} The child support order for the youngest child of the parties was terminated effective May 23, 2009 as that child had reached the age of 18 and graduated from high school on May 23, 2009. As of April 30, 2009, Father still owed over $12,000.00 in arrears.

{¶17} Father objected to the amount ordered to be paid on his remaining arrears. On August 4, 2009, the Court issued an order requiring Father to pay $250.00 per month, and processing charge, toward his overdue and unpaid child support arrears balance of approximately $12,800.00.

**{¶18}** On July 13, 2010, a contempt action was filed by the MCCSEA alleging that Father failed to follow the order to pay his arrears as directed. There was a show cause hearing scheduled for November 11, 2010, which was vacated. On December 28, 2010, MCCSEA filed a motion charging Father with contempt for failure to pay child support.

**{¶19}** On June 29, 2011, Father filed a motion titled *"Defendant-Respondent Terry Browning's Memorandum Contra the MCCSEA Motion, and Motion to Dismiss the MCCSEA's Case and Vacate All Orders and/or Judgments."* The Court set this Motion for non-oral hearing July 29, 2011. MCCSEA filed a reply and Father filed a Response to MCCSEA's reply.

**{¶20}** The magistrate denied Father's motion by Judgment Entry filed August 4, 2011. Father timely filed an objection to the magistrate's decision August 18, 2011. The Court overruled Father's objections September 21, 2011. Father filed a Notice of Appeal from the September 21, 2011 Judgment Entry in Case No. CT2011-0055 on October 20, 2011.

**{¶21}** On October 27, 2011, a second Judgment Entry was filed similarly denying Father's Motion to Dismiss the MCCSEA's Case and Vacate All Orders and/or Judgments and adopting the magistrate's decision of August 4, 2011. Father filed a Notice of Appeal of this entry on November 14, 2011 in Case No. CT2011- 0060. This Court has consolidated these cases for appeal by Judgment Entry filed January 3, 2012.

*Assignments of Error*

{¶22} Father raises the following assignments of error:[4]

{¶23} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED BY FINDING THAT THE "MOTION FOR CHILD SUPPORT" FILED BY THE MCCSEA COULD EFFECTIVELY OPEN THE CASE. APPELLEE'S "MOTION" DID NOT ADHERE TO THE MANDATES OF CIV. R. 3(A) AND WAS THUS FATALLY DEFECTIVE.

{¶24} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED BY FINDING THAT THE "MOTION FOR CHILD SUPPORT" FILED BY THE MCCSEA COULD EFFECTIVELY OPEN THE CASE WITHOUT A UCCJA 3109.27 — UCCJEA 3127.23 AFFIDAVIT. THE APPELLEE'S "MOTION" DID NOT ADHERE TO THE MANDATES OF UCCJA 3109.27 — UCCJEA 3127.23 AND WAS THUS FATALLY DEFECTIVE.

{¶25} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED BY FINDING THAT THE CSEA HAD STATUTORY AUTHORITY TO ATTEMPT TO BRING AN "ACTION" IN ITS OWN NAME WHEN RELATOR AND HUSBAND WERE MARRIED, DID NOT DISPUTE PARENTAGE, AND DID NOT RECEIVE PUBLIC ASSISTANCE.

{¶26} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE,

---

[4] Father has filed a single brief.

AS THE COURT DID NOT HAVE THE POWER OR AUTHORITY TO RENDER THE PARTICULAR JUDGMENTS."

*Analysis*

I, II, III & IV

**{¶27}** In each of his four assignments of error, Father challenges the subject matter jurisdiction of the trial court. Father additionally contends that a R.C. 3109.27 affidavit was a "mandatory jurisdictional requirement" which was not done in this case and further MCCSEA had no authority to initiate an action for support in his case.

**{¶28}** The underlying support action was brought by the MCCSEA on behalf of the mother, a nominal co-plaintiff in 1996. R.C. 3103.03(A) and R.C. 3103.031 impose a duty on each biological or adoptive parent to support his or her minor child, regardless of the parent's gender or marital status. This obligation is owed to the state as well as to the child. *Woods v. Mt. Castle*, 2nd Dist. No. 01 CA-0050, 2002-Ohio-1878, citing *Bowen v. State*, 56 Ohio St. 235, 46 N.E. 708 (1897).

**{¶29}** Juvenile courts have jurisdiction over child support matters concurrent with domestic relation and common pleas courts. *Newton v. Newton*, 11th Dist. No. 2011-L-048, 2011-Ohio-6520, ¶15; *Madewell v. Powell*, 12th Dist. No. CA2006-05-053, 2006-Ohio-7046, ¶5. Under R.C. 3105.011, the domestic relations division of a court of common pleas has full authority to determine all domestic relations matters. In relation to the question of child support, R.C. 3109.05(A)(1) states that, in the context of a divorce proceeding, a domestic relations court "may order either or both parents to support * * * their children, without regard to marital misconduct."

{¶30} As a "juvenile" court, the jurisdiction of the trial court is controlled by R.C. 2151.23. As to the issue of child support, this statute provides, in pertinent part:

(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

" * * *

(11) * * * to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, * * *."

{¶31} Because Mother's request in 1996 for support was "not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation," the action was properly brought in the juvenile court, vesting that court with exclusive and continuing jurisdiction over the child support issue. *Madewell, supra at* ¶6. MCCSEA's motion to intervene in that case was granted, permitting the agency to participate and assert a claim in the juvenile court. Id. At that time, the court granted custody of the minor children to Mother as was agreed by the parties. The court further ordered Father to pay support for his children. No appeal was taken.

{¶32} By Judgment Entry filed in the subsequent divorce action, the trial court noted the jurisdiction of the Juvenile Court, as well as the prior establishment of custody and support. No appeal was taken from the trial court's Judgment Entry granting the divorce.

{¶33} Thus, in the case at bar there is no doubt that the juvenile court had subject matter jurisdiction. R.C. 2151.23.

**{¶34}** Courts have drawn a clear distinction between subject matter jurisdiction and standing. Subject matter jurisdiction refers to the statutory and/or constitutional power to adjudicate a case. *Pratts v. Hurley,* 102 Ohio St.3d 81, 806 N.E.2d 992, 2004–Ohio–1980, ¶11. A jurisdictional defect cannot be waived. *Painesville v. Lake County Budget Commission*, 56 Ohio St.2d 282, 383 N.E.2d 896(1978). Lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re Byard* (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735, 737. This is because jurisdiction is a condition precedent to the court's ability to hear the case.

**{¶35}** A judgment entered by a court that lacks subject matter jurisdiction is void ab initio *Patton v. Diemer*, 35 O.St.3d 68, 518 N.E.2d 941(1988). The authority to vacate a void judgment is an inherent common law power. *Patton* syllabus paragraph 4, citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61,133 N.E.2d 606(1956), paragraph one of the syllabus; *Westmoreland v. Valley Homes Corp.*, 42 Ohio St.2d 291, 294 (1975).

**{¶36}** By contrast, Civ. R. 17(A) provides in part:

Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

**{¶37}** A real party in interest is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case." *Shealy v. Campbell*, 20 Ohio St.3d 23, 24–25, 485 N.E.2d 701(1985).

**{¶38}** If one who is not the real party in interest asserts a claim, then the party lacks standing to prosecute the action, but the court is not deprived of subject matter jurisdiction. See *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002(1998), citing *State ex rel. Smith v. Smith*, 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369(1996); and *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621(1992). The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17. Unlike lack of subject matter jurisdiction, other affirmative defenses can be waived. *Houser v. Ohio Historical Soc.*, 62 Ohio St.2d 77, 403 N.E.2d 965(1980). Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court. *State ex rel. Smith v. Smith*, 75 Ohio St.3d at 420; *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d at 251.

**{¶39}** Because compliance with Civ. R. 17 is not necessary to invoke the jurisdiction of the court, the failure to name the real party in interest is an objection or defense to a claim that is waived if not timely asserted. *Suster,* supra.

**{¶40}** In the case at bar, Father could have, but did not, challenge the standing of MCCSEA to bring the support action in 1996 or in 1997. He did not. Accordingly, Father has waived any defect or objection to MCCSEA's initiating the original action by his over fourteen-year delay to assert his claim.

**{¶41}** Father further contends that pursuant to Ohio Civ. Rule 3, a civil action is commenced by filing a complaint with the court. The filing of a complaint is a prerequisite to a court acquiring subject matter jurisdiction. Because this action was commenced by filing of a "motion," Father contends the trial court never acquired subject matter jurisdiction and therefore all judgments allegedly rendered in this instant matter in the trial court are null and void ab initio.

**{¶42}** Civ. R. 3 provides in relevant part,

(A) Commencement

A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).

**{¶43}** Courts of this state have recognized that the name given to a pleading or motion is not controlling. *Lungard v. Bertram*, 86 Ohio App. 392, 395, 88 N.E.2d 308(1949). Rather, the substance of the pleading or motion determines the operative effect thereof. *Id. Accord, Morris v. Children's Hospital Medical Ctr.*, 73 Ohio App.3d 437, 441, 597 N.E.2d 1110, 1112(1991); *Cooke v. United Dairy Farmers, Inc.* 10th Dist. No. 05 AP-1307, 2006-Ohio-4365, ¶29. Pleadings are to be construed to do substantial justice, and claims for relief should concisely set forth only those operative facts as are necessary to give "fair notice of the nature of the action." *Salamon v. Taft Broadcasting Co.*, 16 Ohio App.3d 336, 475 N.E.2d 1292(1984); Civ.R. 8(A), (E), and (F).

**{¶44}** In the case at bar, the plain words of the pleading that was filed set forth the claim for child support and health care insurance. Because Father had notice of the child support action, actually appeared, and defended his position at the child support hearings held in this case, due process was met.

**{¶45}** Accordingly, in the case at bar, captioning the matter as a "motion" rather that a "complaint" did not deprive the trial court of subject matter jurisdiction.

**{¶46}** Father next contends that the trial court lacked subject matter jurisdiction because the requirement in R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action. Father argues that filing an R.C. 3109.27 affidavit was a "mandatory jurisdictional requirement" which was not done in this case.

**{¶47}** The Ohio Supreme Court has held that a mechanistic interpretation of R.C. 3109. 27 would not only contravene the clear intent of R.C. 3109. 27 but could potentially render the custody statutes of this state a nullity. *In re Palmer*, 12 Ohio St. 3d 194, 197, 465 N.E. 2d 1312(1984); *See also, In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶12. In *Palmer,* the Court acknowledged that subject-matter jurisdiction could be asserted at any time even on appeal. 12 Ohio St. 3d at 196. However, the Court established an exception in a case where children are concerned.

Stipulation to the truth of facts necessary to insure jurisdiction may suffice to confer jurisdiction through estoppel. See *Beatrice Foods Co. v.*

*Porterfield* (1972), 30 Ohio St.2d 50, 282 N.E.2d 355 [59 O.O.2d 76], at paragraph one of the syllabus.

Application of the rule of estoppel is necessarily limited to the factual exigencies of each case.

\* \* \*

If we were to deny subject-matter jurisdiction by a mechanistic interpretation of R.C. 3109.27, it would be possible for any party to completely obstruct a custody proceeding by willfully failing to file an R.C. 3109.27 affidavit or pleading. Such a result would not only contravene the clear intent of R.C. 3109.27 but could potentially render the custody statutes of this state a nullity. Moreover, such a result would hamstring our long-established rule that ultimately the issue must be what is in the best interests of the child. *In re Cunningham* (1979), 59 Ohio St.2d 100, 391 N.E.2d 1034 [13 O.O.3d 78]. Under the present circumstances, a rigid interpretation of R.C. 3109.27 would only serve to prolong the agony of the children herein. Moreover, in instances when a public agency is a party, rigid adherence to R.C. 3109.27 would open the door to the contingency where a child, inarticulate, injured, neglected and found by the roadside, could not be provided for because the public agency could not ascertain the information required under R.C. 3109.27 with regard to the places where the child had lived within the past five years, and the names and present addresses of those persons with whom the child had lived during that period.

*In re Palmer* at 197. Subsequent to *Palmer* courts have held, "the mandates of R.C. 3109.27, while required, are not jurisdictional so long as the statute's requirements are substantially satisfied and no prejudice results." (Citations Omitted.) *Mendiola v. Mendiola*, 11th Dist No. 2006-P-0038, 2007-Ohio-466, ¶57. *Accord, D.D. v. Hayes,* 8th Dist. No. 96825, 2011-Ohio-4963, ¶11; *In re Porter*, 113 Ohio App.3d 580, 584, 681 N.E.2d 954(3rd Dist. 1996); *Adkins v. Adkins*, 4th Dist. No. 89 CA 26, 1991 WL 87301(May 15, 1991)(Stephenson, P.J., concurring).

**{¶48}** We conclude that any failure to comply with R.C. 3109.27 was not prejudicial to Father. We note that Father did not object to the children remaining in the custody of Mother. Moreover, we are admonished that the ultimate issue in any custody proceeding is the "best interest of the child" and this concern is paramount to any application of the strictures of R.C. 3109.27. *Palmer, supra* at 197.

**{¶49}** In the case at bar, we find that a blind adherence to the affidavit requirement in the instant case would frustrate the policy behind the rule. No party in this case claims to have instituted or have knowledge of custody proceedings pending in another jurisdiction. Further, the parties have litigated the issues for over fourteen years without claiming prejudice because of the failure to file the affidavit. Finally, both children have long since been emancipated.

*Conclusion*

**{¶50}** Father's first and fourth assignments of error are overruled in their entirety because the trial court had subject matter jurisdiction over the proceedings and properly exercised that jurisdiction.

**{¶51}** Father's second assignment of error is overruled because the parties have litigated the issues for over fourteen years without claiming prejudice because of the failure to file the R.C. 3109.27 affidavit. In this case, blind adherence to the affidavit requirement would frustrate the policy behind the rule.

**{¶52}** Father's third assignment of error is overruled in its entirety because Father has waived any defect or objection to MCCSEA's initiating the original action by his over fourteen year delay to assert his claim.

**{¶53}** Accordingly, for the foregoing reasons, the judgments of the Muskingum County Court of Common Pleas, Domestic Relations Division are affirmed.

By: Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0430

[Cite as *State ex rel. Browning v. Browning*, 2012-Ohio-2158.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | |
| LORI ANN BROWNING NKA BURNS | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRY DEAN BROWNING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2011-CA-55 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Muskingum County Court of Common Pleas, Domestic Relations Division are affirmed.  Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO, EX REL.
LORI ANN BROWNING NKA BURNS    :

        Plaintiff-Appellee           :

                                 :

-vs-                             :         JUDGMENT ENTRY

                                 :

TERRY DEAN BROWNING          :

                                 :

        Defendant-Appellant     :         CASE NO. CT2011-CA-60


       For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Muskingum County Court of Common Pleas, Domestic Relations Division are affirmed. Costs to appellant.


                                  _____
                                  HON. W. SCOTT GWIN


                                  _____
                                  HON. SHEILA G. FARMER


                                  _____
                                  HON. JULIE A. EDWARDS

[Cite as *State ex rel. Browning v. Browning*, 2012-Ohio-2158.]