[Cite as *First Rehab Funding, L.L.C. v. Milton*, 2025-Ohio-2677.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FIRST REHAB FUNDING, LLC,      :

     Plaintiff-Appellee,      :

                                              :                   No. 114370

     v.                               :

ERICA MILTON,               :

     Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Civil Appeal from the Garfield Heights Municipal Court
Case No. CVG2315729

---

*Appearances:*

Powers Friedman Linn, PLL, Rachel E. Cohen, and Thomas P. Owen, *for appellee*.

The Legal Aid Society of Cleveland, Maria A. Smith, and Elizabeth A. Zak, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This is a breach-of-contract action. After a bench trial, the court awarded plaintiff-appellee First Rehab Funding, LLC ("First Rehab") monetary

damages for breach of a lease. On appeal, the tenant, defendant-appellant Erica Milton ("Milton") claims that First Rehab is not the proper party to the lease and that she was not properly served with the complaint.

{¶ 2} However, the record reflects Milton failed to raise with the trial court the issue of whether First Rehab is the real party in interest to the lease and has therefore waived any alleged error. Milton also accepted service of the complaint. Accordingly, we affirm the trial court's judgment.

## Procedural History and Relevant Facts

### A. Complaint

{¶ 3} On March 14, 2023, First Rehab filed a two-count complaint for forcible entry and detainer and monetary damages for breach of contract against Milton in the Garfield Heights Municipal Court.

{¶ 4} On March 16, 2023, a summons was issued for Milton by certified mail and residence service by bailiff. The summons provided that a trial on the first cause of action for eviction was to be held on April 14, 2023 via Zoom. Residence service was made by bailiff upon Milton's residence on March 20, 2023. The bailiff return of service provides: "RESIDENCE SERVICE (For Forcible Entry and Detainer/Eviction Cases Only)." The summons issued by certified mail on March 16, 2023, was ultimately returned as "unclaimed."[1] On April 7, 2023, First

---

[1] On July 27, 2023, the trial court filed a notice of failure of service with respect to the March 16, 2023 certified mailing.

Rehab requested the trial court serve Milton with the complaint again via certified mail.

{¶ 5} On April 13, 2023, an attorney filed a notice of appearance of counsel on behalf of Milton. The notice also requested the trial court send all hearing notices to the attorney at the address provided. Milton did not file an answer to First Rehab's complaint.

**B. First Cause of Action Resolved**

{¶ 6} On April 14, 2023, the parties were present in court with respect to the first cause of action for forcible entry and detainer. The magistrate's order notes that Milton acknowledged receipt of the complaint. The magistrate's order states:

> The Defendant(s) did acknowledge receipt of service of the Complaint and Summons for both the first cause of action for possession of the premises and the second cause of action for damages, if any[.]

Milton never disputed the magistrate's order on this point.

{¶ 7} The magistrate's order further stated that the first cause of action had been resolved by the parties. The parties agreed that Milton would make four payments to First Rehab in the amount of $700 on the following dates: April 15, 2023; May 1, 2023; May 15, 2023; and June 1, 2023. Milton also agreed to move out voluntarily on July 2, 2023. Pursuant to this agreement, if Milton failed to make payments, First Rehab was required to notify the court so that a writ could be executed. The magistrate's order provided that unless a writ was issued, the first cause of action would be dismissed on July 3, 2023.

## C. The Trial Court's Dismissal of the Case

{¶ 8} On September 19, 2023, the trial court issued a judgment entry dismissing the case in total. The entry provides: "The parties having reached a settlement herein, this matter is dismissed at Plaintiff's costs." The court issued this dismissal, notwithstanding the magistrate's order indicating that the settlement agreement pertained solely to the first cause of action.

{¶ 9} On December 18, 2023, First Rehab filed instructions for service with the trial court, again asking the court to issue service upon Milton by certified mail. A magistrate's order issued January 4, 2024, denied First Rehab's request because of the case having been dismissed.

## D. The Trial Court's Reinstatement of the Second Cause of Action

{¶ 10} On January 16, 2024, First Rehab filed a motion requesting the court to vacate its September 19, 2023 entry dismissing the case. First Rehab explained that pursuant to the magistrate's April 14, 2023 order, only the first cause of action should have been dismissed. On January 18, 2024, for good cause shown, the trial court reinstated the second cause of action. Milton did not oppose the trial court's order reinstating the second cause of action.

{¶ 11} The magistrate issued orders scheduling a trial via Zoom on the second cause of action. Copy of the orders were emailed to counsel for each party.

## E. Magistrate's Trial on the Second Cause of Action

{¶ 12} On April 2, 2024, the magistrate held a trial on First Rehab's second cause of action. In its decision in favor of First Rehab, the magistrate noted that

First Rehab was present, but Milton was not. On the same day of trial, Milton's attorney notified the court that she no longer represented Milton. Approximately ten days later, another attorney filed a notice of substitution of counsel for Milton.

{¶ 13} On April 12, 2024, Milton filed objections to the magistrate's decision and a motion for relief from judgment, stating among other things, that she had not received notice of the April 2, 2024 trial because the notice had been sent to Milton's first attorney. First Rehab filed a brief in opposition. On May 13, 2024, the trial court granted Milton's objections and did not adopt the magistrate's decision.

{¶ 14} The trial court subsequently scheduled a new trial on First Rehab's second cause of action for June 17, 2024, via Zoom. The order was emailed to counsel for each party.

### F. Trial on the Second Cause of Action

{¶ 15} A bench trial on the second cause of action took place as scheduled. Prior to trial, First Rehab requested Milton be precluded from introducing testimony challenging the condition of the premises because Milton had not filed an answer to First Rehab's complaint. Milton's counsel responded that First Rehab was aware of the defenses she intended to raise because they were set forth in her objections to the magistrate's April 2, 2024 decision. The trial court precluded Milton from introducing testimony relating to the condition of the property but allowed her to proffer the testimony following the trial.

{¶ 16} First Rehab called one witness, Mack Danzey, to testify. Danzey testified that he manages the premises located on Gardenview Drive, Maple Heights,

Ohio ("the premises"). He testified that Milton occupied the premises pursuant to a written lease agreement that began on May 1, 2021, with a monthly rent of $925. The lease also provided that Milton was responsible for all utilities. Danzey stated that the lease was executed by him in his individual capacity, but was later assigned via a property management agreement to First Rehab. Under the agreement, Danzey testified that First Rehab was authorized to collect all rents due on the premises.

{¶ 17} Milton testified that she had signed a lease for the premises, but she was unaware that she was responsible for the water and sewer utility bills.[2]

{¶ 18} At the conclusion of First Rehab's case in chief, Milton moved to dismiss the case. Counsel for Milton argued that the lease commenced May 1, 2021, but First Rehab's management agreement did not start until March 9, 2022. Milton therefore contended that she did not owe First Rehab any rent or utilities prior to March 9, 2022. Specifically, Milton argued:

> I'm assuming that at this point, your Honor, I would like to move for dismissal of [First Rehab's] case because the management agreement does not begin at the same time as the rental agreement. And the management agreement does not reference any obligation or entitlement to any retroactive payments under the agreement.
>
> So I would move that the proper party in this case, First Rehab Funding is not entitled to damages that the Plaintiff is seeking at this point your Honor.

---

[2] After the trial concluded, Milton proffered her testimony and the testimony of two other witnesses concerning the condition of the premises.

First Rehab responded by stating that Danzey testified that the property management agreement authorized First Rehab to collect all rents and charges related to the property. First Rehab also stated that "all or most" of the charges sought were for the time period after the management contract was executed.[3] The trial court denied Milton's motion to dismiss. Counsel for Milton responded to the court's denial: "I think the law does not allow First Rehab to collect. It would be a vertical privity of contract, and so I would ask this court to reconsider the dismissal." At the close of Milton's case, counsel for Milton renewed her motion. Again, she argued: "moving that First Rehab does not have the right to recover for the periods that were not covered by the management agreement, your Honor."

{¶ 19} On June 20, 2024, the trial court issued a judgment entry on the second cause of action, finding in favor of First Rehab in the "amount of $2,975.28 with interest at the rate of 8% per year from 06/20/2024 and costs incurred herein."

{¶ 20} On July 17, 2024, Milton filed a motion for new trial challenging the amount awarded and arguing that First Rehab was not entitled to damages because it was not a party to the lease. The trial court denied Milton's motion for new trial.

### G. Notice of Appeal

{¶ 21} On August 29, 2024, Milton filed a notice of appeal regarding the trial court's judgment entries awarding First Rehab judgment and denying Milton's

---

[3] First Rehab's property management agreement submitted as Plaintiff's exhibit No. 2 at trial was executed March 9, 2022, but provides that the "effective date" is January 1, 2021. At oral argument, Milton conceded that the effective date of the property management agreement is January 1, 2021, which precedes the effective date of the lease agreement.

motion for new trial. On appeal Milton raises the following assignments of error for review:

1. The trial court committed reversible error by finding Appellee-Plaintiff was entitled to damages, where Appellee-Plaintiff could not prove its breach of contract claim using either the lease or property management agreement.

2. When Appellee-Plaintiff did not perfect service of its breach of contract claim within six months, as required by Civ.R. 4(E), the trial court properly dismissed Appellee-Plaintiff's complaint; but then the trial court committed reversible error in granting Appellee-Plaintiff's motion to vacate the dismissal, proceeding to trial without Ms. Milton having been served, granting judgment against Ms. Milton after she still had not been served, and denying Ms. Milton's motion for new trial.

**Law and Argument**

**A. First Assignment of Error**

{¶ 22} In her first assigned error for review, Milton argues that First Rehab is not a party to the lease agreement and that the property management agreement between Danzey and First Rehab does not entitle First Rehab to damages from her. Milton did not raise the claim of whether First Rehab is the real party in interest at trial. As such, we will not address this issue for the first time on appeal.

{¶ 23} It is well-established that appellate courts "will not consider a question not presented, considered or decided by a lower court[.]" *Kalish v. Trans World Airlines, Inc.,* 50 Ohio St.2d 73, 79 (1977). "[I]ssues not raised in the trial court may not be raised for the first time on appeal." *Spy v. Arbor Park Phase One Assoc.,* 2020-Ohio-2944, ¶ 16 (8th Dist.), citing *Crenshaw v. Cleveland Law Dept.,* 2020-Ohio-921, ¶ 42, fn. 6 (8th Dist.). The "failure to raise an issue before the trial

court waives that issue for appellate purposes." *Wells Fargo Bank, N.A. v. Lundeen,* 2020-Ohio-28, ¶ 14 (8th Dist.), citing *Miller v. Cardinal Care Mgmt.,* 2019-Ohio-2826, ¶ 23 (8th Dist.).

{¶ 24} At the close of First Rehab's case in chief, Milton moved to dismiss the case, arguing that First Rehab was not entitled to any damages that had occurred prior to the execution of the property management agreement. When the trial court denied Milton's motion to dismiss, Milton's counsel stated, "It would be a vertical privity of contract and so I would ask this court to reconsider the dismissal." At the close of Milton's case, counsel renewed her motion, again claiming "First Rehab does not have the right to recover for the periods that were not covered by the management agreement, your Honor."

{¶ 25} Milton has abandoned her position at trial that First Rehab was only entitled to damages after the date the management agreement was signed and now argues, for the first time on appeal, that First Rehab is not the proper party and not entitled to any monetary damages. Rather, Milton claims on appeal that because there is not a direct contract between herself and First Rehab, she is not in privity with First Rehab. She also argues, again for the first time on appeal, that even if First Rehab were the proper party, First Rehab is not entitled to any damages following the expiration of the property management agreement.

{¶ 26} In support of her privity argument, she cites to *Curl v. Volkwagen of Am., Inc.,* 2007-Ohio-3609, for the proposition that Ohio does not recognize vertical privity and requires a direct contract between individuals. *Curl* is inapplicable to

the case at bar. *Curl* did not address privity with respect to tenants and landlords who assign their rights under a lease to third parties. In fact, Milton fails to cite any case law recognizing a vertical privity requirement in a landlord–tenant context. Rather, *Curl* held that a party that purchased a vehicle was only in privity with the person from whom the party purchased the vehicle and did not extend to the vehicle manufacturer. *See id.* at ¶ 32. As such, Milton's reliance on *Curl* is without merit.

{¶ 27} Milton argues that First Rehab did not suffer an injury because it is not a party to the lease, and is, in essence, not a real party in interest. Civ.R. 17 governs real party in interest and provides that "[e]very action shall be prosecuted in the name of the real party in interest." "A real party in interest is 'one who has a real interest in the subject-matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case.'" *State ex rel. Browning v. Browning,* 2012-Ohio-2158, ¶ 38 (5th Dist.) "[T]he requirement that suits be brought by the real party in interest is a procedural requirement, not a jurisdictional requirement." *Hang-Fu v. Halle Homes, Inc.,* 2000 Ohio App. LEXIS 3625, *21 (8th Dist. Aug. 10, 2000). "Because compliance with Civ.R. 17 is not necessary to invoke the jurisdiction of the court, the failure to name the real party in interest is an objection or defense to a claim that is waived if not timely asserted." *Browning* at ¶ 39. *See also Hang-Fu* at *21 ("[T]he defense that the plaintiff is not the real party in interest is an affirmative defense and, therefore, must be specifically pled or it is waived.").

{¶ 28} In its complaint, First Rehab alleged that it is the landlord of the premises and Milton is the tenant. First Rehab alleged that Milton had a written lease agreement for the premises and that she breached the agreement by failing to pay rent and other contractual charges. First Rehab further alleged that Milton owed it damages as a result of the breach. Notably, Milton did not file an answer to the complaint, nor did she deny at trial (1) the existence of a lease; (2) that she breached the terms of the lease; (3) that First Rehab was the landlord of the premises; or (4) that she owed First Rehab damages as a result. Furthermore, Milton did not claim at trial that First Rehab was not the real party in interest with respect to its rights under the property management agreement. Nor did she claim that First Rehab was not entitled to damages after the expiration of the property management agreement. Milton only asserted at trial that First Rehab was not entitled to retroactive rent payments prior to March 9, 2022, the date the management agreement was executed.

{¶ 29} As a result, Milton waived these issues and we will not address them for the first time on appeal.

{¶ 30} Accordingly, Milton's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 31} In her second assigned error for review, Milton argues that she was never properly served with the complaint with respect to the second cause of action and that the trial court erred in reinstating the second cause of action. Milton did not raise either of these challenges to the trial court. As such, for the reasons set

forth above, we will not consider for the first time on appeal Milton's challenges to the service of the complaint or the trial court's reinstatement of the second cause of action.

{¶ 32} Even if we were to consider Milton's arguments, we would find they have no merit because Milton waived the issue of service. Civ.R. 12(H)(1) provides that "[a] defense of . . . insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." Milton never filed an answer to the complaint nor did she ever file a motion challenging sufficiency of service. Therefore, pursuant to Civ.R. 12(H), she has waived that defense.

{¶ 33} Additionally, the magistrate's order filed on April 14, 2023, noted that "Defendant(s) did acknowledge receipt of service of the Complaint and Summons for both the first cause of action for possession of the premises and the second cause of action for damages, if any[.]" As such, Milton voluntarily submitted to the court's jurisdiction and waived the defense of insufficiency of service of process. *See Wells Fargo Bank, N.A.*, 2020-Ohio-28, at ¶ 16 (8th Dist.).

{¶ 34} Accordingly, Milton's second assignment of error is overruled.

## Conclusion

{¶ 35} Milton did not file an answer to First Rehab's complaint nor did she raise an issue at trial alleging that First Rehab was not the proper party to seek damages pursuant to the lease or challenging the sufficiency of service of the

complaint.  We will not address claims for the first time on appeal.  Accordingly, Milton's assigned errors for review are overruled.

**{¶ 36}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR