[Cite as *Scherer v. Lowry*, 2021-Ohio-3728.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JAMES SCHERER

    Appellant

    v.

ANTHONY JAMES LOWRY, AND ALL
OCCUPANTS

    Appellee

C.A. No.    29872

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    20-CV-04612

DECISION AND JOURNAL ENTRY

Dated: October 20, 2021

CALLAHAN, Judge.

{¶1}    Appellant, James Scherer, appeals from the Akron Municipal Court's judgment denying his objections to the magistrate's decision and adopting the magistrate's decision. For the reasons below, this Court reverses.

I.

{¶2}    On August 26, 2020, Mr. Scherer filed an action for forcible entry and detainer, damages, and other claims related to Anthony Lowry's tenancy at 928 Kelly Avenue in Akron. Mr. Lowry filed an answer and a counterclaim for breach of contract of the purchase agreement for the same real property.

{¶3}    Prior to the scheduled eviction hearing, Mr. Lowry filed a declaration that he was a covered person under the Centers for Disease Control and Prevention's ("CDC") eviction moratorium. In response to the declaration, Mr. Scherer filed a "Request for Hearing on Defendant's Application/Motion for Moratorium on Eviction" and a motion to strike the

counterclaim. Mr. Lowry filed a response opposing Mr. Scherer's request for a hearing and a withdrawal of his counterclaim.

{¶4}   On October 5, 2020, the parties and their counsel appeared via Zoom for the eviction hearing before the magistrate. Later that day, the magistrate issued a decision which denied Mr. Scherer a writ, denied Mr. Scherer's motion to strike the counterclaim and request for hearing, and dismissed Mr. Scherer's complaint and Mr. Lowry's counterclaim. That same day, the trial court adopted the magistrate's decision and entered a judgment denying Mr. Scherer a writ, ordering the case concluded, and ordering costs to be paid by Mr. Scherer.

{¶5}   Mr. Scherer filed objections to the magistrate's decision, arguing that 1) the magistrate violated his due process rights by not affording him a hearing to challenge Mr. Lowry's declaration and dismissing the complaint, and 2) the magistrate's decision to dismiss, rather than stay, the case was an unconstitutional taking of his property and violated his due process rights. Mr. Lowry did not file a response to the objections. The trial court denied Mr. Scherer's objections, adopted the magistrate's decision, and stated that Mr. Scherer may refile his complaint at no costs upon the expiration of Mr. Lowry's declaration.

{¶6}   Mr. Scherer timely appealed, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

JAMES SCHERER CONTENDS THAT THE AKRON MUNICIPAL TRIAL COURT JUDGE DENIED HIM DUE PROCESS AND ACCESS TO THE COURTS WHEN THE COURT DISMISSED THE EVICTION ACTION UNDER THE COLOR OF A PRESIDENTIAL EXECUTIVE ORDER/CDC ORDER IN VIOLATION OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶7}  In his first assignment of error, Mr. Scherer argues that the trial court erred when it denied him a hearing to challenge Mr. Lowry's declaration and dismissed the complaint.  We agree.

{¶8}  This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion.  *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9.  An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'"  *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9}  While this eviction matter was pending, the CDC issued an order temporarily halting residential evictions of covered persons for nonpayment of rent to help prevent the spread of COVID-19 ("the moratorium").  *See* 85 Fed.Reg. 55292-01.  The moratorium was activated in an eviction proceeding upon the tenant providing the landlord a declaration pursuant to the CDC guidelines.  *Id.*  The landlord could challenge the tenant's declaration.  *See HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 Frequently Asked                                                                                                            Questions*, https://www.supremecourt.ohio.gov/coronavirus/resources/CDCFAQs110320.pdf (accessed Oct. 15, 2021).

{¶10}  In this case, Mr. Lowry filed a declaration and Mr. Scherer filed a "Request for Hearing" challenging the declaration.  The magistrate, however, denied Mr. Scherer's hearing request and dismissed the case.  Mr. Scherer objected to the magistrate's decision, arguing that his due process rights were violated when the magistrate dismissed the case without affording him a hearing to challenge Mr. Lowry's CDC declaration.  In its ruling on the objections, the

trial court acknowledged Mr. Scherer's right to challenge the declaration, but held that the proper mechanism to do so was through a show cause motion. The trial court went on to conclude that "[a]n [o]bjection is not the proper remedy to dispute the tenant's declaration[]" and denied the objections.

{¶11} The trial court's ruling is based upon the erroneous premise that Mr. Scherer did not file a show cause motion, but rather challenged Mr. Lowry's declaration for the first time in the objections to the magistrate's decision. Assuming without deciding that a show cause motion is the proper mechanism for a landlord to challenge a tenant's declaration, the docket and the magistrate's decision reflect that Mr. Scherer filed a "Request for Hearing on Defendant's Application/Motion for Moratorium on Eviction" prior to the scheduled eviction hearing. While Mr. Scherer's "Request for Hearing" was not labeled as a show cause motion, the hearing request sought "the right to examine [Mr. Lowry] for v[e]racity and his eligibility under [the moratorium]." *See Schmitt v. Ward*, 9th Dist. Summit No. 28324, 2017-Ohio-4171, ¶ 5, quoting *Lungard v. Bertram*, 86 Ohio App. 392, 395 (1st Dist.1949) (recognizing that the operative effect of a motion or pleadings is determined by the substance and not the caption of the filing). Mr. Scherer's "Request for Hearing" sought to have Mr. Lowry show cause that he was a covered person under the moratorium. Accordingly, the trial court's denial of Mr. Scherer's objections on the grounds that he did not file a show cause motion and only challenged Mr. Lowry's declaration in his objections to the magistrate's decision is contrary to the record.

{¶12} Based upon the foregoing, we conclude that the trial court abused its discretion when it denied Mr. Scherer's objections and adopted the magistrate's decision denying Mr. Scherer a hearing and dismissing the case.

{¶13} Mr. Scherer's first assignment of error is sustained.

**ASSIGNMENT OF ERROR NO. 2**

JAMES SCHERER CONTENDS THAT THE AKRON MUNICIPAL COURT JUDGE DEPRIVED HIM OF HIS PROPERTY RIGHTS UNDER THE LAW WHEN THE COURT DISMISSED THE EVICTION ACTION UNDER THE COLOR OF A PRESIDENTIAL EXECUTIVE ORDER IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 19 OF THE OHIO CONSTITUTION.

{¶14} In his second assignment of error, Mr. Scherer argues that the dismissal of his eviction action deprived him of his property rights under the Ohio and United States Constitution. We decline to reach the merits of this assignment of error as it has been rendered moot by this Court's resolution of Mr. Scherer's first assignment of error. *See* App.R. 12(A)(1)(c).

III.

{¶15} Mr. Scherer's first assignment of error is sustained and the second assignment of error is moot. The judgment of the Akron Municipal Court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALEXANDER R. FOLK, Attorney at Law, for Appellant.

BRIAN J. WILLIAMS, Attorney at Law, for Appellee.