[Cite as *Alt v. Bauer*, 2018-Ohio-4264.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JANICE ALT, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROGER L. BAUER, et al., | : | Case No. 17CA97 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                 Court of Common Pleas, Case No.
                                 2015 CV 1531



JUDGMENT:                        Dismissed



DATE OF JUDGMENT:                October 19, 2018



APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

J. JEFFREY HECK                         ANDREW J. BURTON
The Heck Law Offices, Ltd.              Renwick, Welsh & Burton LLC
One Marion Avenue, Suite 104            9 N. Mulberry Street
Mansfield, Ohio 44903                   Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Plaintiff-appellant Janice Alt appeals from the October 25, 2017 Order of the Richland County Court of Common Pleas granting the Motion for Summary Judgment filed by defendants-appellees Roger L. Bauer and Jacqueline Bauer.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant is the owner of real properly located at 2953 Plymouth-Springmill Road in Shelby, Ohio. Appellees are neighbors. Appellant and appellees have lived on adjoining parcels for approximately twenty-two (22) years.

{¶3}    According to appellant, on or about July 16, 2013, appellee Roger Bauer and another family member entered onto her property without her permission  while carrying a can of spray paint, a piece of rebar, a metal detector and a sledge hammer. Appellant, in her affidavit, alleged that she told them repeatedly to get off of her property and that the property was hers, but appellee Roger Bauer claimed that it was his property and proceeded to pound the rebar into the ground and spray paint a large "X" with orange paint on the grass.

{¶4}    On or about May 19, 2014, appellee Roger Bauer submitted an Application for Zoning Certificate to Craig Stover as the Jackson Township Zoning Inspector, for the construction of a six foot high fence at appellees' property. The application indicted that the fence was to consist of four sections as follows: 24 feet, 24 feet, 80 feet and 120 feet for a total of 248 feet. No sketch or plan of the proposed fence was attached to the application which was approved on May 21, 2014 by Stover. Several weeks later, the plan and sketch of the fence were delivered to the township.  The fence was completed in June of 2014. It was 275 feet.

**{¶5}** The Richland County Regional Planning Commission Staff, in September of 2014, recommended revocation of the fence permit on the basis that it had been improperly filed and approved, among other reasons.

**{¶6}** In December of 2015, appellant filed a complaint against appellees, alleging nuisance and trespass. Appellant, in her complaint, sought injunctive relief and money damages. Appellant, in her complaint, alleged in support of her nuisance claim that the person who appellees submitted their application to for a fence permit was not the lawful Zoning Inspector of Jackson Township at the time and that appellees "knew or should have known" this; that the application was incomplete and improper and that appellees knew this, and that the fence was completed in a manner inconsistent with the application. Appellant further alleged in her complaint, in relevant part, as follows, at paragraphs 15-16**:**

**{¶7}** Further, since the erection of the fencing, defendants have failed and refused to maintain the grass, noxious weeds and other plant materials along their fencing and between that fencing and plaintiff's property line. This grass, noxious weeds and other plant material are unsightly and have grown to the point that they violate provisions of the Ohio Revised Code and also constitutes a nuisance.

**{¶8}** Further, defendants have cemented in place a six foot (6') high permanent post in the ground only 3 inches from the plaintiff's southern property line. Such post is not any portion of any fencing and violates known an existing Jackson Township setback regulations and requirements.

{¶9} In support of her trespass action, appellant alleged that, before the fence was constructed, appellee Roger Bauer and another family member had entered onto her property without her permission and remained thereon, refusing to leave.

{¶10} On February 22, 2016, appellees filed an answer and counterclaims for trespass, nuisance and an injunction. In their counterclaims, they alleged that appellant and/or her agent trespassed on their property and removed their survey stakes, that appellant's chain link fence encroached on their property and that the portion of such fence not encroaching on their property was not in compliance with applicable zoning regulations, and that appellant's wooden fence was constructed in violation of applicable zoning regulations, and was either too close to appellees' property or encroaching on it and that appellant knew or should have known that construction and maintenance of the fences was in violation of the zoning regulations. Appellees sought both injunctive relief and damages.

{¶11} On March 7, 2016, appellees filed a Third Party Complaint against Richard Gorsuch, appellant's fiancé at all times complained of in the complaint and counterclaim, alleging trespass. On March 22, 2016, appellant filed a reply to the counterclaim and Gorsuch filed an answer to the Third Party Complaint.

{¶12} Thereafter, on August 14, 2017, appellees filed a Motion for Summary Judgment and a Notice of Dismissal of their counterclaim for nuisance pursuant to Civ.R. 41(A). Appellant and Gorsuch filed a memorandum in opposition to the Motion for Summary Judgment on September 18, 2017 and appellees filed a reply on October 2, 2017.

**{¶13}** Pursuant to an Order filed on October 25, 2017, the trial court granted appellees' Motion for Summary Judgment and dismissed the case with prejudice. Appellant and Third Party Defendant Richard Gorsuch, on November 1, 2017, filed a Motion for Findings of Fact and Conclusions of Law. Via an Order filed on November 3, 2017, the trial court overruled the motion.

**{¶14}** Appellant filed a Notice of Appeal on November 22, 2017, appealing from the trial court's October 25, 2017 Order. On February 23, 2018, the trial court filed an Amended Order overruling Appellant's Motion or Findings of Fact and Conclusions of Law. On the same date, the trial court filed an Amended Order granting the Motion for Summary Judgment to add language stating that "There is no just cause for delay."

**{¶15}** Appellant now raises the following assignment of error on appeal:

**{¶16}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES."

**{¶17}** As an initial matter, we shall address appellant's argument that there is no final, appealable order. Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.

**{¶18}** Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B) (2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Harris v. Conrad*, 12th Dist.  Warren No. CA-2001-12- 108, 2002-Ohio-3885.

{¶19} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following in pertinent part:

{¶20} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶21} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶22} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶23} (3) An order that vacates or sets aside a judgment or grants a new trial;

{¶24} (4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶25} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶26} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶27} (5) An order that determines that an action may or may not be maintained as a class action;

{¶28} (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16,

3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly[1]), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

**{¶29}** (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

**{¶30}** To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, as is the case here, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 101. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Civ.R. 54(B) does not alter the requirement that an order must be final before the no just reason for delay language renders it appealable. *Gen. Acc. Ins. Co.* at 21, citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981). Therefore, a partial final order is not appealable pursuant to Civ. R. 54(B) if pending unresolved counterclaims touch upon the very same facts, legal issues and circumstances as the original claim. See *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007–Ohio–4403, 877 N.E.2d 709, ¶ 10 (4th Dist.).

**{¶31}** In the case sub judice, appellant filed a complaint against appellees and appellees filed counterclaims against appellant. Appellees, in their counterclaim, set forth causes of action for nuisance, trespass, and injunctive relief. Appellees filed a Motion for Summary Judgment on the complaint and the trial court, On October 25, 2017 granted the same. Appellees, on August 14, 2017, had dismissed their nuisance counterclaim, leaving the remaining counterclaims pending. The trial court, on February 23, 2018, issued an Amended Order granting the Motion for Summary Judgment to add language stating that "There is no just cause for delay." While, in this matter, the trial court awarded appellees summary judgment on the claims of appellant's complaint, the court did not dispose of the remaining counterclaims for relief. There is, therefore, no final, appealable order. Despite the fact that the trial court used Civ.R. 54(B) language, the summary judgment for appellees is not a final appealable order within the meaning of R.C. 2505.02, as it does not determine the action or prevent a judgment for appellant. Appellant's counterclaims against appellees are not rendered moot nor are they fully resolved by the summary judgment for appellees. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96; 540 N.E.2d 1381, 1384.

**{¶32}** The appeal is dismissed for want of jurisdiction, as the order appealed from is not a final, appealable order.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.