[Cite as *Home Loan Savs. Bank v. Jahweh L.L.C.*, 2022-Ohio-1118.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE HOME LOAN SAVINGS BANK, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAHWEH LLC, et al., | : | Case No. 2022CA0001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Coshocton County Court of Common Pleas, Case No. 2018CI418

JUDGMENT:        Reversed and Remanded

DATE OF JUDGMENT:        March 31, 2022

APPEARANCES:

For Plaintiff-Appellee

JAMES R. SKELTON
Pomerene, Burns & Skelton
309 Main Street
Coshocton, Ohio 43812

For Defendant-Appellant

BRIAN W. BENBOW
Benbow Law Offices LLC
265 Sunrise Center Drive
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** Jahweh, LLC, appellant, is appealing the decision of the Coshocton County Court of Common Pleas denying its motion to vacate the judgment rendered against it. Appellant is The Home Loan Savings Bank.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** The Home Loan Savings Bank filed a complaint seeking judgment on a cognovit note with the note attached. Home Loan filed a Statement and Confession of Judgment with the complaint. On October 31, 2018 the trial court issued a judgment on confession, awarding judgment in the amount of "$977,471.46, together with interest thereon at the rate of five (5.00%) percent per annum from October 3, 2018" against Jahweh, LLC, North Pointe Fitness Institute, LLC and Phillip F. Arthur. The clerk of courts issued notice of the judgment to all defendants via registered mail, return receipt requested, but all three notices were returned as unclaimed.

**{¶3}** More than three years after issuance of the judgment, on December 6, 2021, the defendants filed Defendants' Motion To Void The October 31, 2018 Judgment And To Dismiss The Complaint. North Pointe, LLC and Philip Arthur argued that they did not sign the note and therefor were "entitled to service of process. None was attempted. The judgment against these Defendants must be vacated against these Defendants accordingly." (Defendants' Motion To Void The October 31, 2018 Judgment And To Dismiss The Complaint, Dec. 6, 2021, p. 2) The defendants also argued that the note signed on behalf of Jahweh, LLC was not a cognovit note because check boxes next to the language what would create a cognovit note were not checked. Appellant and its co-

defendants argued that parties did not agree to a cognovit provision and the judgment must not stand.

{¶4}   The defendants also argued that Home Loan did not present the underlying promissory note, did not offer a running account and offered insufficient evidence to pierce the corporate veil and hold Phillip Arthur individually liable.

{¶5}   The trial court found in favor of Phillip Arthur and North Pointe Fitness, LLC, holding that "there is only one guarantor on the note, and that guarantor is Jahweh, LLC." (Judgment Entry, January 5, 2022, p. 1). The trial court found against Jahweh, LLC, finding that:

> * * *  the terms of the guarantee are unambiguous and clear, and need no interpretation, and this Court must give effect to all of the contract provisions. *Sutton Bank v. Progressive Polymers, L.L.C.,* 161 Ohio St.3d 387 (2020). The cognovit language also complies with the statutory requirements set forth in R.C. 2323.13. Defendant Jahweh argues that the boxes next to the relevant language were not checked. However the contract is completely silent as to what effect, if any, marking the box would have on the terms of the contract. In addition, Defendant Jahweh cites no caselaw in support of the proposition that the box must be checked for the cognovit provisions to be enforceable. It is also beyond comprehension that a businessman guaranteeing a note for $977,471.46 would misunderstand the cognovit language or find that it was inconsistent with the guarantee language on page 2 of the note.

*Id. pp. 1-2.*

{¶6}   Jahweh filed a timely appeal and submitted one assignment of error:

A.      **ASSIGNMENT OF ERROR NUMBER ONE**

{¶7}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PARTIES ENTERED INTO A CONTRACT CONTAINING A COGNOVIT PROVISION. THE TRIAL COURT FURTHER PREJUDICIALLY ERRED BY CONSTRUING THE UNMARKED TERMS OF THE PARTIES' FORM AGREEMENT AGAINST APPELLANT INSTEAD OF CONSTRUING THAT PROVISION AGAINST THE DRAFTER OF THE CONTRACT AND THE COMMERCIAL ENTITY WHO CHOSE THE BOILERPLATE COGNOVIT PROVISION."

{¶8}   "THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER APPELLANT IN THAT APPELLEE NEVER SERVED APPELLANT. THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE TRIAL COURT'S FINDING THAT APPELLANT EXPRESSLY WAIVED SERVICE. THE TRIAL COURT THUS LACKED SUBJECT MATTER JURISDICTION OVER APPELLEE'S COMPLAINT. THE TRIAL COURT ACCORDINGLY COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE THE OCTOBER 31, 2018 JUDGMENT ENTRY, AS THAT JUDGMENT ENTRY WAS VOID FOR LACK OF PERSONAL JURISDICTION OVER APPELLANT."

{¶9}   "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT DISMISSING APPELLEE'S COMPLAINT IN THAT APPELLEE NEVER COMMENCED ITS LAWSUIT BY SERVING ANY PARTY WITHIN ONE YEAR OF FILING ITS COMPLAINT. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER

APPELLEE'S COMPLAINT, AS THE CASE WAS NOT TIMELY COMMENCED UNDER CIV.R. 3(A). THE TRIAL COURT'S RULING WAS THUS VOID AB INITIO."

{¶10} "B. EVEN IF THE TRIAL COURT PROPERLY HAD JURISDICTION OVER THE SUBJECT MATTER AND THE PARTIES, THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ISSUED JUDGMENT WITHOUT PROOF OF A CONTRACTUAL BREACH OR DAMAGES."

{¶11} Appellant, Jahweh, LLC submitted only one assignment of error with distinct subparts that could arguably stand as separate assignments of error. While Jahweh does not expressly divide its brief, the argument can be logically divided into assertions that the finding that the relevant document was a cognovit note was error and, because the document was not a cognovit note, the trial court lacked jurisdiction and its judgment was void ab initio.

{¶12} While Jahweh did not expressly frame its arguments as a motion to vacate under Civ. R. 60(B), we find that portion of the motion presented to the trial court regarding the judgment against Jahweh and the context within which it was presented provided sufficient argument to trigger the application of that Rule. In the court below, Jahweh captioned its motion "Defendants' Motion to Void the October 31, 2018 Judgment and to Dismiss the Complaint." We have previously found that "[c]ourts of this state have recognized that the name given to a pleading or motion is not controlling. *Lungard v. Bertram,* 86 Ohio App. 392, 395, 88 N.E.2d 308(1949). Rather, the substance of the pleading or motion determines the operative effect thereof. *Id. State ex rel. Browning v. Browning*, 5th Dist. Muskingum No. CT2011-CA-55, 2012-Ohio-2158, ¶ 43. In this matter the motion, though captioned "Motion to Vacate" does state an argument for relief under

Civ. R. 60(B).[1] We will review the case and the facts to the extent that they are relevant to the resolution of this issue

## STANDARD OF REVIEW

{¶13}  Jahweh sought an order vacating the judgment against it and cited several grounds for relief, including an analysis of its allegations in the context of a motion under Civ.R. 60(B).  Because Jahweh seeks to vacate a prior judgment and because that relief is available through Civ.R. 60(B), we will rely on that Rule and the relevant precedent to frame our analysis.

{¶14}  *GTE Automatic Elec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976),* paragraph two of the syllabus, is the leading case regarding Civ.R. 60(B) motions:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶15}  Where the judgment sought to be vacated is a cognovit judgment, the standard set forth by GTE is modified. In such a case, the party seeking to vacate a

---

[1] Appellant contends in its Reply in the case below that it was not arguing that Civ.R. 60(B) applies.  After close review of that argument, we conclude that this reference is intended to apply to the two co-defendants who are not part of this appeal and was not intended to limit the argument regarding Jahweh.

cognovit judgment need only show that the motion to vacate was timely made and that a meritorious defense is available. *See Fifth Third Bank v. Jarrell,* Franklin App. No. 04AP-358, 2005-Ohio-1260 at ¶ 11. *World Tire Corp. v. Webb*, 5th Dist. Knox No. 06CA10, 2007-Ohio-5135, ¶ 30.

> Courts in this state have repeatedly held that cognovit judgments present special circumstances, and '[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application.' *Meyers v. McGuire* (1992), 80 Ohio App .3d 644, 646, 610 N.E.2d 542. *See also Medina Supply Co. v. Corrado* (1996), 116 Ohio App.3d 847, 850-51, 689 N.E.2d 600; Star *Bank, N.A. v. Jackson* (Dec. 1, 2000), Hamilton App. No. C 000242, at *2. Furthermore, in establishing a meritorious defense, the 'movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense.' *Meyer*s, *supra*, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

*World Tire Corp. v. Webb*, 5th Dist. Knox No. 06CA10, 2007-Ohio-5135, ¶¶ 33.

**{¶16}** Trial courts are vested with discretionary authority in determining whether movants have demonstrated meritorious defenses or claims. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, as quoted in *Bichsel v. Dr. Laughlin*, 5th Dist. Tuscarawas No. 95 AP 030010, 1995 WL 768029 (Sept. 27, 1995) *1.

**ANALYSIS**

{¶17} Jahweh's sole assignment of error contains references to several errors, but we will focus on the assertion that "the trial court erred as a matter of law in finding that the parties entered into a contract containing a cognovit provision" as addressing that alleged error will allow the most efficient resolution of the case.

{¶18} First, we note that the record contains no clear evidence of when Jahweh received notice of the judgment. The record shows that the trial court's attempts to serve notice of the judgment were returned as unclaimed. Home Loan refers to foreclosure actions filed in Coshocton County Common Pleas Court that establish that Jahweh had notice of the judgments in 2019, but none of this information is contained within the record before us and, as noted by Home Loan "this Court is bound by the record and cannot consider any facts that are not contained within said record." (Appellee's Brief, p.6).

{¶19} Further, the trial court did not expressly address the timeliness of the motion in its entry but granted the motion in part and denied it in part, tacitly finding that the motion was timely.

{¶20} The trial court overruled the motion with regard to Jahweh, LLC only. The trial court rejected Jahweh's defense that the note was not a cognovit note for lack of a check mark by those provisions that are a mandatory part of a cognovit note. The trial court found that cognovit language complied with R.C. 2323.13, that the "contract is completely silent as to what effect, if any, marking the box would have on the terms of the contract" and that Jahweh provided no caselaw supporting the proposition that the box must be checked for the cognovit provisions to be effective. The trial court also found it

beyond comprehension that a business person would misunderstand the cognovit language.

{¶21} We find that the necessary cognovit language is contained within the guaranty signed by Phillip F. Arthur, on behalf of Jahweh, LLC, but the question remains as to whether the document was converted into a cognovit note by the addition of that language or whether the checkboxes immediately adjacent to the required language must be checked to activate that language.

{¶22} Marking one or more boxes or blank, underlined spaces in a document is a common strategy that allows the drafter to create a multipurpose document that can be used in different circumstances rather than producing one document for each distinct factual situation. This shortcut can lead to questions regarding the meaning or validity of an agreement based upon the presence or absence of a checkmark. *PNC Bank, N.A. v. May,* 8th Dist. Cuyahoga No. 98071, 2012-Ohio-4291, ¶¶ 26-27, (Not unreasonable for party to disregard section describing obligations of guarantor when box on application near "guarantor" was not checked); *Banez v. Banez,* 5th Dist. Stark No. 2006CA00216, 2007-Ohio-4584, ¶¶ 304-306, (Check mark indicates intent to replace contract of insurance); *Commonwealth Petroleum Co. v. Petrosol Intern., Inc.*, 901 F.2d 1314, 1315 (6th Cir.1990), (No box checked for delivery method, because propane was not physically moved); *In re McZeal*, Bankr. N.D. Ohio No. 14-15947, 2019 WL 1271398, *4, (Failure to check box supported conclusion the transaction was a consumer transaction); *McCandlish v. McCandlish,* 5th Dist. Licking No. 13-CA-37, 2013-Ohio-5066, ¶ 27, (Father claims he was not aware that the issues of parenting time and child support would be argued at the hearing because box was not checked); *Robins v. Glob. Fitness*

*Holdings, LLC*, 838 F.Supp.2d 631, 646, (Failure to check appropriate cancellation box supported denial of unjust enrichment claim); *Planet Clair LLC, v. American Honda Motor Co., Inc.*, Cal. App. No. B308151, 2022 WL 779270, (March 15, 2022) *4 (Defendant requests judicial notice of contract on which plaintiff failed to check box indicating primary use of vehicle was for business or commercial purposes); *Albrecht v. Marinas Internatl. Consol., L.P.*, 9th Dist. Summit No. 25246, 2010-Ohio-5732, ¶ 23, (Failing to check appropriate box submitted as defense to failure to winterize intake generator.)

{¶23}  The checkmark, whether in a box or a blank space, has become a material part of many form pleadings, judgment orders and contracts and the presence or absence of a checkmark can have a significant impact on the document.  The presence or absence of a check mark in a space so reserved indicates that the parties intended that the adjacent language will play some role in the document.  Generally, the presence of a checkmark indicates that the language following it shall be considered a part of the agreement and the lack of the checkmark is a signal that the language will not apply.

{¶24}  In the matter before us, the document contains several check boxes, some are checked and others are not.  The box next to "Specific Debts" is checked and the box next to "All Debts" is not checked, supporting a conclusion that Jahweh is guarantying only the specific debt described and no other.

{¶25}  The next section, captioned "Exclusions," contains three check boxes with related text and none of the boxes are checked.  We would conclude that the language after the unchecked boxes is inapplicable.  In the next section, captioned "Security," the document contains two check boxes and the box next to the phrase "the guaranty is

unsecured" is checked while the box near "secured by" is unchecked leading to the conclusion that this guaranty is not secured.

**{¶26}** The next two check boxes are adjacent to the language relevant to this appeal and none are checked. The first is next to the following:

☐ CONFESSION OF JUDGMENT. If Guarantor defaults, it authorizes any attorney to appear in a court of record and confess judgment against it in favor of Lender. The confession of judgment may be without process and for any amount due on this Guaranty including collection costs and reasonable attorneys' fees.

**{¶27}** The second unchecked box precedes the statutory warning required by R.C. 2323.13(D). Jahweh contends that because these boxes are not checked a cognovit note was not created and that the judgment should therefore be vacated. The trial court found that Jahweh failed to provide any authority supporting its contention, that the agreement is silent regarding the consequence of unchecked boxes and that Jahweh's representative should have understood its obligations as a competent business person.

**{¶28}** The fact that the guaranty is silent regarding the meaning of a check mark does not support a conclusion that the inclusion or omission of a check mark is meaningless. The fact that the parties executed a document with some boxes checked and others unchecked is a tacit recognition that the action of checking the boxes held some significance. Due to the lack of checkmarks next to the cognovit note language, this document could be interpreted as a simple guaranty of the debt of Northpointe, LLC without the cognovit provisions. The record contains insufficient evidence to reach a conclusion regarding this document, but the lack of the check mark and appellant's

allegations do raise a question regarding the intent of the parties and whether the trial court abused its discretion by not finding that Jahweh had alleged a meritorious defense.

{¶29} We have held that "[a]ppellants need to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists" and that "[f]or purposes of a successful motion for relief from a judgment obtained by cognovit note, where relief is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits." (Citations omitted*.*) *Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc.*, 5th Dist. Stark No. 2003CA00108, 2004-Ohio-120, ¶¶ 15-16. "* * * [A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint. (Citations omitted.) *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. Franklin No. 01AP-465, 2002-Ohio-3084, ¶ 20.

{¶30} The lack of marks in the boxes, in conjunction with the allegations described in the Appellant's motion and its verification of their truth, if believed, cast doubt on the validity and enforceability of the cognovit note.

{¶31} We also take issue with the trial court's finding that the language of the guaranty was unambiguous in light of its comment that it contained no instruction regarding the treatment of the checkboxes adjacent to the language that comprised the cognovit note provisions. While the trial court did not expressly state its rational, it is evident that it concluded that the unchecked boxes were meaningless. That conclusion contradicts the parties use of the checkbox in the language preceding the cognovit note language and the common use of checkboxes as noted in the precedent we have cited.

Upon the record before us, a reasonable person could conclude that the absence of any mark in the checkboxes indicates that the cognovit note provisions do not apply, potentially creating an enforceable guaranty without the remedy offered by R.C. 2323.13. *See PNC Bank, N.A. v. May,* 8th Dist. Cuyahoga No. 98071, 2012-Ohio-4291, ¶ 27 ("Pocos did not check, however, the only box on the front of the application as the 'guarantor' of All Trade's obligations under the line of credit. It was not, therefore, unreasonable for Pocos to simply disregard this section because he did not believe he was a 'personal guarantor.' ").

**{¶32}** We hold that Jahweh has filed a timely motion for relief from judgment and that its assertion that the guaranty was not converted into a cognovit note supplies a meritorious defense and that, therefor, the trial court abused its discretion by failing to grant relief from judgment.

{¶33}  The decision of the Coshocton County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.