[Cite as *Home Loan Savings Bank v. Jahweh, L.L.C.*, 2023-Ohio-1166.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| THE HOME LOAN SAVINGS BANK | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JAHWEH LLC, ET AL. | : | Case No. 2022CA0033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 18CI0418


JUDGMENT:    Dismissed


DATE OF JUDGMENT:    April 7, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES R. SKELTON                    BRIAN W. BENBOW
309 Main Street                    265 Sunrise Center Drive
Coshocton, OH  43812                    Zanesville, OH  43701

*King, J.*

{¶ 1}   Defendant-Appellant Jahweh, LLC, et al appeals the November 17, 2022 judgment of the Coshocton County Court of Common Pleas which partially granted Appellee The Home Loan Savings Bank's motion for summary judgment.

Facts and Procedural History

{¶ 2}   This is the third time this matter has been before this court. On the first occasion, in *The Home Loan Savings Bank v. Jahweh LLC, et al*, 5th Dist. Coshocton No. 2022CA0001, 2022-Ohio-1118 we outlined the facts and procedural history of this matter to that point as follows:

{¶ 3}   In October of 2018, appellee The Home Loan Savings Bank filed a complaint seeking judgment on a guaranty/cognovit note. Home Loan filed a Statement and Confession of Judgment with the complaint. On October 31, 2018 the trial court issued a judgment on confession, awarding judgment in the amount of $977,471.46, plus interest thereon at the rate of five percent per annum from October 3, 2018 against defendants Jahweh, LLC, North Pointe Fitness Institute, LLC, and Phillip F. Arthur (herein Jahweh). The clerk of courts issued notice of the judgment to all defendants via registered mail, return receipt requested, but all three notices were returned unclaimed.

{¶ 4}   On December 6, 2021, three years after issuance of the judgment, Jahweh filed Defendants' Motion To Void The October 31, 2018 Judgment And To Dismiss The Complaint. North Pointe, LLC and Phillip Arthur argued that they did not sign the note and were therefore entitled to service of process. Because none was attempted, North Pointe, LLC and Phillip Arthur argued the judgment against them should be vacated. (Defendants' Motion To Void The October 31, 2018 Judgment And To Dismiss The

Complaint, Dec. 6, 2021, p. 2) Jahweh also argued that the note signed on behalf of Jahweh, LLC was not a cognovit note because the boxes next to the language that would create a cognovit note were not checked. Jahweh argued the parties did not agree to a cognovit provision and the judgment must not stand.

{¶ 5} Jahweh further argued that Home Loan failed to present the underlying promissory note or a running account, and offered insufficient evidence to pierce the corporate veil and hold Phillip Arthur individually liable.

{¶ 6} The trial court found "there is only one guarantor on the note, and that guarantor is Jahweh, LLC." (Judgment Entry, January 5, 2022, p. 1). The trial court therefore found against Jahweh, LLC stating:

> [T]he terms of the guarantee [sic] are unambiguous and clear, and need no interpretation, and this Court must give effect to all of the contract provisions. *Sutton Bank v. Progressive Polymers, L.L.C.*, 161 Ohio St.3d 387 (2020). The cognovit language also complies with the statutory requirements set forth in R.C. 2323.13. Defendant Jahweh argues that the boxes next to the relevant language were not checked. However the contract is completely silent as to what effect, if any, marking the box would have on the terms of the contract. In addition, Defendant Jahweh cites no caselaw in support of the proposition that the box must be checked for the cognovit provisions to be enforceable. It is also beyond comprehension that a businessman guaranteeing a note for $977,471.46 would

misunderstand the cognovit language or find that it was inconsistent with the guarantee [sic] language on page two of the note.

{¶ 7} Jahweh's subsequent appeal argued the trial court's finding that the relevant document was a cognovit note was error, and because the document was not a cognovit note, the trial court lacked jurisdiction and its judgment was void.

{¶ 8} This court issued its opinion on March 31, 2022. We interpreted Jahweh's motion in the trial court as a Civ.R. 60(B) motion for relief from judgment. We further found the trial court erred as a matter of law in finding that the parties entered into a contract containing a cognovit provision. Specifically, this court held:

We hold that Jahweh has filed a timely motion for relief from judgment and that its assertion that the guaranty was not converted into a cognovit note supplies a meritorious defense and that, therefor, the trial court abused its discretion by failing to grant relief from judgment.

{¶ 9}  *The Home Loan Savings Bank v. Jahweh LLC, et al*, 5th Dist. Coshocton No. 2022CA0001, 2022-Ohio-1118 ¶ 32. We remanded the matter for proceedings consistent with our opinion.

History Following Remand

{¶ 10} Herein, we focus on the pleadings related to the judgment entry appealed from, specifically the November 17, 2022 judgment entry granting Home Loan's motion for summary judgment as to counts 5 and 6 of Home Loan's amended complaint.

{¶ 11} On April 7, 2022, the trial court issued a judgment entry vacating its judgment against all named defendants pursuant to this court's March 31, 2022 decision.

{¶ 12} Five days prior, on April 2, 2022, Home Loan filed a first amended complaint seeking judgment on the promissory note and guaranty as well as additional claims. Home Loan filed its complaint against Jahweh LLC, A.R Fountaine LLC, and North Pointe Fitness Institute, LLC, companies owned in whole or in part by Phillip Arthur, as well as Phillip Arthur individually. The complaint alleged in part that Jahweh had failed to make any payment on the note since May 2021.

{¶ 13} Attached to its amended complaint, Home Loan included the promissory note, the guaranty, and the payment history of the loan. The guaranty indicated a loan of $966,400 was made to North Pointe Fitness Institute, LLC and was signed by guarantor Phillip F. Arthur, Member of Jahweh, LLC. The promissory note was signed by Phillip F. Arthur on behalf of North Pointe Fitness Institute, LLC and "Phillip F. Arthur, Member." The payment history indicated Jahweh had made interest-only payments for most of the life of the loan, but then on April 23, 2021, made a principal payment of $501,306.31. Home Loan alleged no payment had been made thereafter.

{¶ 14} On April 7, 2022, Jahweh was served with the amended complaint.

{¶ 15} Relevant to this appeal are counts 5 and 6 of Home Loan's amended complaint which allege appellants Phillip F. Arthur and North Pointe Fitness Institute, LLC are in default on their promissory note and that appellant Jahweh LLC is in default of its guaranty because no payments have been made on the loan since May of 2021. The counts allege the named parties still owe $433,177.22 on the note plus interest, fees, and

costs, and that Home Loan has elected to enforce the guaranty for the entire balance due.

{¶ 16} Relevant to this appeal, count 5 contains paragraphs 43 through 47, and count 6 contains paragraphs 48 through 50.

{¶ 17} On April 5, 2022, Home Loan filed a Notice of Lis Pendens. It appears Home Loan alleged its loan was leveraged by real estate owned by either Arthur or one of his LLCs.

{¶ 18} On April 26, 2022, Jahweh filed a motion to strike the amended complaint, and on May 12, 2022, the trial court denied the motion. Jahweh filed an appeal on May 18, 2022. On June 29, 2022, the appeal was dismissed for want of a final appealable order. *The Home Loan Savings Bank v. Jahweh LLC, et al*, 5th Dist. Coshocton No. 2022CA0016.

{¶ 19} On July 5, 2022, Jahweh filed an answer and counter claim to Home Loan's amended complaint. In its answer, Jahweh sequentially listed each paragraph of Home Loan's complaint and denied the allegations contained in each. In what appears to be a typographical error, the answer to paragraph 43 of the complaint on page 3 of the answer and counter claim states "Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint." Paragraph 43 of Home Loan's first amended complaint alleged Jahweh executed and delivered the promissory note to Home Loan. However, paragraph 51 of Jahweh's answer and counter claim states "Defendants deny any and all allegations not specifically admitted herein."

{¶ 20} On July 13, 2022, Home Loan filed three documents; an answer to Jahweh's counter claims, a motion for judgment on the pleadings as to Jahweh's counter claims,

and a motion for summary judgment. Home Loan's motion for summary judgment argued in part that Jahweh failed to deny paragraph 43 of the amended complaint. At no point did Jahweh amend its answer to paragraph 43.

{¶ 21} On July 26, 2022, Jahweh filed a motion to hold Home Loan's motion for summary judgment and motion for judgment on the pleadings in abeyance pursuant to Civ.R. 56(F). On August 17, 2022, the trial court granted the motion to allow Jahweh to obtain discovery.

{¶ 22} On July 27, 2022, Jahweh filed a memorandum contra to Home Loan's motion for judgment on the pleadings. At page 15 of the memorandum Jahweh stated:

> At issue is the reply to Par. 43 of Plaintiff's Complaint which Defendants answered as follows: "Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint."
> A read of the context of all the answers before and after this answer shows it to be a simple typographical error. The intent to deny this paragraph is apparent when reviewed in context.

{¶ 23} On July 28, 2022, Home Loan filed an amended affidavit by Thomas Conidi, Executive Vice President and Director of Loan Administration of The Home Loan Savings Bank. The Conidi affidavit set forth that Phillip Arthur and North Pointe Fitness Institute, LLC are delinquent on their loan payments and Jahweh, LLC is delinquent on its guaranty. The amended affidavit contained a correction to the actual remaining balance on the loan.

{¶ 24} On November 17, 2022, the trial court granted Home Loan's motion for summary judgment as to counts 5 and 6 of its amended complaint and granted judgment to Home Loan in the amount of $433,177.22 plus interest. It denied the motion for summary judgment as to all other counts. The trial court noted the obvious and correctable error in Jahweh's answer to paragraph 43. It stated "[T]he Court was not previously inclined to treat the answer as a "gotcha" moment, and instead allow Defendants to file an amended answer. However, four months have elapsed since the answer was filed, and the issue of the failure to deny was raised by the Plaintiff on September 21, 2022 * * *. Judgment Entry filed November 17, 2022 at page 2.  The trial court addressed none of Jahweh's counterclaims.

{¶ 25} As to Jahweh's motion contra to Home Loan's motion for summary judgment, the trial court further found that while Home Loan's filing of an amended complaint in this matter is "procedurally awkward * * * Ohio law allows for successive foreclosure actions." *Id.* at 3.

{¶ 26} In its entry, the trial court certified there was no just cause for delay.

{¶ 27} Jahweh filed an appeal and the matter is now before this court for consideration. Jahweh raises three assignments of error as follow:

I

{¶ 28} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AND BY NOT GRANTING APPELLANT'S MOTION FOR SUMMARY JUDGMENT. APPELLEES' CLAIMS ARE BARRED BY APPLICATION OF THE LAW OF THE CASE DOCTRINE AND BY *RES JUDICATA.*"

II

{¶ 29} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPERMISSIBLY DECIDING THIS CASE BASED UPON A FLAWED PERCEPTION OF A PLEADING ERROR IN VIOLATION OF THE SUPREME COURT'S HOLDING IN *STATE EX REL. HUNTINGTON INS. AGENCY, INS. AGENCY, INC. V. DURYEE (1995), 73 OHIO ST. 3D 530.*"

III

{¶ 30} "THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER APPELLANT IN THAT APPELLEE NEVER SERVED APPELLANT. THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE TRIAL COURT'S FINDING THAT APPELLANT EXPRESSLY WAIVED SERVICE THE TRIAL COURT THUS LACKED SUBJECT MATTER JURISDICTION OVER APPELLEE'S COMPLAINT. THE TRIAL COURT ACCORDINGLY COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE THE OCTOBER 31, 2018 JUDGMENT ENTRY, AS THAT JUDGMENT ENTRY WAS VOID FOR LACK OF PERSONAL JURISDICTION OVER APPELLANT.

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT DISMISSING APPELLEE'S COMPLAINT IN THAT APPELLEE NEVER COMMENCED ITS LAWSUIT BY SERVING ANY PARTY WITHIN ONE YEAR OF FILING ITS COMPLAINT. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER APPELLEE'S

COMPLAINT, AS THE CASE WAS NOT TIMELY COMMENCED UNDER CIV.R. 3(A). THE TRIAL COURT'S RULING WAS THUS VOID *AB INITIO."*

I, II, III

{¶ 31} Before turning the arguments, we must first determine whether the judgment entry appealed from is a final appealable order. We conclude there is no final appealable order here. The requirements of both R.C. 2505.02 and Civ. R. 54(B) must be met in cases involving multiple parties and multiple claims in order for the judgment at issue to truly be a final appealable order. *Cherry Lane Dev., L.L.C. v. Walnut Twp.*, 5th Dist. Fairfield No. 10-CA-28, 2011-Ohio-425, ¶ 18. See also *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 32} The broad purpose of Civ. R. 54(B) is to provide an exception to the state's long-standing policy against piecemeal adjudication and interlocutory appeals. *Noble v. Colwell*, 44 Ohio St. 3d 92, 96, 540 N.E.2d 1381, 1385 (1989). Upon proper certification under this rule, a trial court's final judgment will become immediately appealable, while matters involving other parties or claims remain pending before the trial court. Civ. R. 54(B). The rule itself requires that the certified matter be a final judgment, which is consistent with requirements of Section 3(B)(2), Article 4 of the Ohio Constitution.

{¶ 33} Here, the trial court rendered summary judgment against Defendants Jahweh, LLC, Northpointe Fitness, LLC, and Phillip Arthur in favor of Plaintiff Home Loan Savings Bank on only counts five and six of Home Loan's amended complaint. These claims arose from the Defendants failure to pay a debt either as obligee or guarantor to the underlying note. The remaining two tort claims, fraudulent conveyance, and unjust enrichment claim appear to arise from Arthur's purported transfer of property allegedly

serving as collateral for the note. The trial court denied the motion for summary judgment on those claims and ordered the three defendants to pay $433,177.22 with interest to Home Loan.

{¶ 34} The trial court did not resolve any of the Defendant's counterclaims. In the trial court's 54(B) certification, it included the following statement "The Court finds that the remaining claims should not be adjudicated without providing the opportunity for review of this court's decision granting summary judgment." But this court has previously held that unresolved counterclaims or cross claims can prevent a judgment from becoming a final appealable order, even when the entry includes the Civ. R. 54(B) certification. *Alt v. Bauer*, 5th Dist. Richland No. 17CA97, 2018-Ohio-4264, ¶ 31. Thus, the court must evaluate those pending counterclaims to determine if they "touch upon the very same facts, legal issues and circumstances of the original claim." *Id.*, ¶ 31. We turn to those counterclaims now.

{¶ 35} Defendant's counterclaims include 10 counts. At least four of those counts are relevant here. Count Two is a breach a contract; Count Three is an unjust enrichment claim; Claim Four is a quantum meruit claim; and Count Ten is a declaratory judgment claim. All four of these counts appear to arise out of the same factual and legal circumstances -- i.e. the note or guaranty executed by the Defendants -- as the two counts underlying the trial court's partial summary judgment. The trial court's express decision not rule on these related claims means its partial summary judgment does not prevent judgment as required by R.C. 2505.02(B)(1).

{¶ 36} Likewise, the partial summary judgment before us fails to determine the action under R.C. 2505.02(B)(1). The judgment here fails to fully resolve the underlying

dispute surrounding the note, which is necessary. *Reg'l Imaging Consultants Corp. v. Computer Billing Servs., Inc.*, 7th Dist. Mahoning No. 00 CA 79, 2001-Ohio-3457, *6.

{¶ 37} Accordingly, there is no final appealable order and this court is without jurisdiction to proceed. We therefore dismiss the appeal.

By King, J.

Gwin, P.J. and

Delaney, J. concur.

AJK/rw